IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL J. COSTELLO,       :
                         :
        Plaintiff       :
                         :
        v.             :     CIVIL NO. 3:CV-13-2224
                         :                   **FILED**
PENNSYLVANIA PAROLE BOARD, :    (Judge Conaboy)   **SCRANTON**
                         :
        Defendant      :                   AUG 21 2015



DEPUTY CLERK

### **MEMORANDUM**
### **Background**

This <u>pro</u> <u>se</u> civil rights action was initiated by Michael
J. Costello, an inmate presently confined at the Rockview State
Correctional Institution, Bellefonte, Pennsylvania (SCI-
Rockview). According to the Original Complaint, after being
granted parole on May 18, 2013, an alleged unconstitutional
policy of the Pennsylvania Board of Probation and Parole (Parole
Board) regarding sex offenders caused the rejection of
Plaintiff's home plan.

By Order dated July 2, 2014, Plaintiff was granted leave
to file an amended Complaint. <u>See</u> Doc. 27. Named as sole
Defendant in the Amended Complaint (Doc. 30) is the Parole Board.
According to the Amended Complaint, on August 7, 2013 an
institutional Parole Board Officer informed the Plaintiff that
the New Person Center, Reading, Pennsylvania which had previously
accepted him for residency in its program was now denying his
application.

Plaintiff also received a letter from Executive Director John Rush of the New Person Center stating that "'Parole no longer wants to accept Sex Offenders who are from outside the area, especially where minors have been involved.'" Doc. 30, ¶ IV (2). Approximately a week later, one of Plaintiff's relatives informed him that Rush had indicated that the Berks County District Attorney was on a "tirade about sex offenders from other counties" coming to his county and staying. Id. at (3). Plaintiff indicates that he has been the victim of discrimination due to the nature of his crime.[1] See id. at Exhibit J.  He adds that the Parole Board instructed the Executive Director of the New Person Center to rescind his acceptance.[2]

As relief Costello seeks his immediate release and termination of any remaining sentence or parole time. See id. at ¶ V.  He also requests an award of monetary damages

Presently pending is Defendant's motion to dismiss the amended complaint. See Doc. 35.  Also before the Court is

---

[1]  The Defendant states that Plaintiff pled guilty to involuntary deviate sexual intercourse of a person less than 16 years old, corruption of minors, and indecent assault of a person less that 16 years old.  On September 21, 2009, he was sentenced to a 5 to 10 year term of imprisonment by the Court of Common Pleas of Westmoreland County, Pennsylvania.  See Doc. 36, p. 2.  It is noted that there is no specific allegation by Costello that he has actually been granted parole subject to approval.

[2]  His claim appears to be solely premised upon the contents of a letter he received from Executive Director Rush.  There is no specific policy of the Parole Board referenced in the Amended Complaint.  Rather, Plaintiff claims that the parole officials in Reading reacting to pressure from the Berks County District Attorney directed Rush to rescind the acceptance of Plaintiff into the facility.

Plaintiff's motion seeking leave to file a second amended complaint.  <u>See</u> Doc. 44.

## Discussion

### Motion To Amend

Plaintiff asks that he be allowed to file a second amended complaint because he recently discovered the need to state the specific names of the specific officers of the Parole Department of Reading Pennsylvania.  Costello also indicates that he wishes to raise supplemental claims regarding retaliatory conduct which he has received from SCI-Rockview officials for filing this action

It is initially noted that M.D. Pa. Local Rule 7.5 requires that a party who files a pretrial motion submit a brief in support of said motion within fourteen (14) days of its being filed with the court.  If a supporting brief is not timely filed, "such motion shall be deemed to be withdrawn." A review of the docket establishes that Plaintiff has failed to filed a brief in support of his motion.  Costello has also failed to file a proposed second amended complaint.  Consequently, it is appropriate for Plaintiff's pending motion to be deemed withdrawn.

Second, Costello cannot file a second amended complaint as a matter of course because he previously submitted an amended complaint in response to an earlier motion to dismiss filed by the Defendant.  <u>See</u> Federal Rule of Civil Procedure 15(a).

3

Third, Plaintiff indicates that the partial purpose of his second amended complaint is to named parole officials from Reading Pennsylvania as Defendants. However, if it is Plaintiff's intention to replace the Parole Board as a defendant with parole officials from Reading Pennsylvania, which is not located within the confines of the Middle District of Pennsylvania, any such civil rights action would be properly initiated in the United States District Court for the Eastern District of Pennsylvania.[3]

Finally, Plaintiff indicates that his second amended complaint would include supplemental claims consisting of assertions of retaliatory misconduct against prison officials which are not directly related to the Defendant, claims and facts set forth in the Amended Complaint. Federal Rule of Civil Procedure 15(d) provides:

> **(d) Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented....

---

[3] 28 U.S.C. § 1391(b) provides that: (b) "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." Since Defendant Parole Board's main office is located within the confines of the Middle District of Pennsylvania, the Amended Complaint was properly brought in this district.

Supplemental complaints are not barred merely because they set forth new claims. However, "when the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified." Wright & Miller, Federal Practice & Procedure: Civil § 1506 at 551 (1971). A supplemental pleading cannot be used for the purpose of trying a new matter or a new cause of action.

Further, a motion for leave to file a supplemental complaint is within the sound discretion of the trial court. Factors to be considered by the court in making this determination include the promotion of a justiciable disposition of the case, the delay or inconvenience to permitting a plaintiff to supplement the complaint, and any resulting prejudice to the other parties in the action. Nottingham v. Peoria, 709 F. Supp. 542, 544 (M.D. Pa. 1988). It has been held that a court may deny leave to file a supplemental complaint where the new proposed pleading related only indirectly to the original complaint and the new alleged cause of action arose from a body of facts unrelated to those set forth in the original complaint. Id.

To permit the filing of supplemental claims of retaliation by prison officials at this advanced juncture in the proceedings containing new facts and allegations not directly related to the claims set forth in the Amended Complaint would be prejudicial and conceivably cause undue delay. Accordingly, based on an

application of the factors announced in <u>Nottingham</u>, Plaintiff's motion to the extent that he seeks to pursue supplemental claims will be denied. The Plaintiff, if he so chooses, may reassert his proposed supplemental claims in a new action.

Pursuant to the above discussion, Plaintiff's motion seeking leave to file a second amended Complaint will be dismissed without prejudice.

## Motion To Dismiss

Defendant claims entitlement to entry of dismissal on the grounds that: (1) the Parole Board is not a person for purposes of § 1983 litigation and is immune from suit; (2) Plaintiff's claim for monetary damages is premature; and (3) his requests for relief are not properly pursued under § 1983.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Kanter v. Barella</u>, 489 F.3d 170, 177 (3d Cir. 2007)(quoting <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005)). A plaintiff must present facts that, if true, demonstrate a plausible right to relief. <u>See</u> Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to

relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action.  Id. at 556.

A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 556 U.S. at 678. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Parole Board**

In order to state a viable civil rights claim he must make a showing that the conduct complained of was committed by a person acting under color of law and that said conduct deprived him of a right, privilege, or immunity secured by the Constitution or by a statute of the United States. Cohen v. City of Philadelphia, 736 F.2d 81, 83 (3d Cir. 1984).[4]

The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). The Court of Appeals for the Third Circuit has likewise concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court established that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity" are not subject to civil rights liability in federal court. Howlett v. Rose, 496 U.S. 356, 365 (1990). After Will, the Third Circuit Court of Appeals directed that in determining whether a state agency is entitled to Eleventh Amendment immunity, a federal court should consider: whether the state

---

[4] It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).

would be responsible for the payment of any judgment rendered against the agency; the source of the agency's funding; and the degree of autonomy enjoyed by the agency, as well as other similar factors.   Bolden v. Southeastern Pennsylvania Transp. Auth., 953 F.2d 807, 818 (3d Cir. 1991).

In the instant case, payment of any judgment rendered against the sole named Defendant, a Pennsylvania state agency, would have to be paid out of the Pennsylvania state treasury. Furthermore, Defendant Parole Board receives all of its funding from the state and does not enjoy any measure of autonomy. Therefore, it is clear under Pugh, Will, and Bolden that the Parole Board is not a "person" for the purpose of § 1983 and, therefore, not a properly named defendant. Accordingly, the Parole Board is not a properly named Defendant in this matter.

## Monetary Damages

The United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994) ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whole unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

As previously noted, Costello in part seeks an award of monetary damages on the grounds that he was improperly denied

release to a facility in Reading, Pennsylvania because he is an out of the area sex offender.   Based on the nature of Plaintiff's allegations, a finding in his favor would imply the invalidity of his ongoing state confinement.   There is no indication that Costello has successfully challenged the alleged improper denial of his home plan.

Consequently, pursuant to <u>Heck</u>, the Amended Complaint to the extent that it seeks an award of monetary damages on the basis of improper denial of his home plan is premature because he cannot maintain such a cause of action until the basis for his continued imprisonment is overturned.

**<u>Injunctive Relief</u>**

As relief, Costello seek his immediate release as well as termination of any remaining sentence or parole time.   <u>See</u> Doc. 30, ¶ V.   It is especially noted that Plaintiff does not ask for a change in a Parole Board policy/procedure or even that his request for placement in the New Person Center be reconsidered.

It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release.   <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1975).   The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus.   <u>See</u> <u>Georgevich v. Strauss</u>, 772 F.2d 1078, 1086 (3d Cir. 1985).

In <u>Edwards v. Balisok</u>, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily

10

imply the invalidity of the punishment imposed, is not

cognizable" in a civil rights action.   Id. at 646.   The United

States Supreme Court in Wilkinson v. Dotson, 544 U.S. 74, 81-82

(2005) announced that prisoners may challenge the

constitutionality of state parole proceedings in § 1983 actions

seeking declaratory and injunctive relief.   However, the Court

indicated that such actions could only be employed in cases where

success of the procedural challenges would not necessarily

require immediate or speedier release for the prisoner.

     The Supreme Court clearly stated in Wilkinson that § 1983

could still not be employed "if success in that action would

necessarily demonstrate the invalidity of confinement or its

duration."   Id. at *6.   Pursuant to the standards announced in

Wilkinson, Georgevich and Edwards, Plaintiff's present requests

to be released and for termination of any remaining sentence or

parole time are not properly raised in a civil rights complaint.

Accordingly, those requests will be dismissed without prejudice

to any right Costello may have to pursue said relief via a

federal habeas corpus petition.[5]

_____

RICHARD P. CONABOY
United States District Judge

DATED: AUGUST ___, 2015

_____

[5] Plaintiff, if he so elects, may file a new civil rights
action in an appropriate district court against any individual
state parole official whom he feels created a unconstitutional
parole policy or acted in an unconstitutional manner by imposing
impermissible criteria on his parole eligibility.